COPY

CASE NO.

2009 APR 24 AM 8: 51

CLERK OF DIST. COURT
LATAH COUNTY

BY _____ DEPUTY

AHERIN, RICE & ANEGON
Darrel W. Aherin
1212 Idaho Street
P.O. Drawer 698
Lewiston, ID 83501-0698
(208) 746-3646
ISB# 1534

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF LATAH

| | |
|---|---|
| GRITMAN MEDICAL CENTER. INC., an Idaho non-profit corporation, | NO. CV 2009-00366 |
| Plaintiff, | COMPLAINT |
| v. | |
| SAFECO INSURANCE COMPANY, AMERICAN STATES INSURANCE COMPANY, and AMERICAN ECONOMY INSURANCE COMPANY, | Fee Category: A(1)<br>Fee: $88.00<br><br>Breach of Contract/Bad Faith |
| Defendants. | |

COMES NOW the plaintiff by and through its attorney, Darrel W. Aherin of Aherin, Rice & Anegon, and hereby complains and alleges as follows:

I.

The Plaintiff, Gritman Medical Center, Inc., is and at all times material herein, was an Idaho non-profit corporation.

ASSIGNED TO
HON. JOHN R. STEGNER
DISTRICT JUDGE

COMPLAINT -- 1
N:\Gritman Medical Center (01)\Pleadings\COMPLAINT (SAFECO).docx
lgs

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho

II.

The Defendant, Safeco Insurance Company, is an insurance company licensed to do business in the State of Idaho and is the parent company of Defendant, American States Insurance Company, and Defendant, American Economy Insurance Company. The three defendants will hereinafter be referred to as Safeco Insurance Company.

III.

On May 5, 2007, Ryan S. Tyson permitted Daniel E. Valasek to drive his 2001 Mitsubishi Eclipse vehicle. Upon returning the loaned vehicle to Ryan S. Tyson, Daniel E. Valasek stated he had crashed the vehicle into a fire hydrant near the hospital. Ryan S. Tyson reported the wreck to the Moscow Police Department.

IV.

On May 5, 2007, Officer Carl Wommack, was driving north on Washington Street approaching Eighth Street when he noticed a geyser of water at the southeast corner of Plaintiff, Gritman Medical Center, Inc.'s, property. The fire hydrant was lying on its side. Witnesses identified a silver Mitsubishi convertible, with the driver as the only occupant, which appeared to have struck the hydrant with its right side when the driver attempted to make a fast left turn into the driveway at plaintiff's place of business and lost control. Witnesses reported that after the collision, the driver of the car drove off the sidewalk and left the scene going west in plaintiff's driveway. A witness reported the license plate number of the Mitsubishi. As a result of the collision with the fire hydrant and the fire hydrant being knocked over, 2,500 gallons of water per minute was discharged into Plaintiff, Gritman Medical Center, Inc.'s, place of business. The discharge continued for approximately 20 minutes.

V.

On May 5, 2007, Daniel E. Valasek was arrested for enhanced DUI and leaving the scene of an accident as a result of the wreck at Plaintiff, Gritman Medical Center, Inc.'s, place of business.

VI.

The Plaintiff, Gritman Medical Center, Inc., has sustained significant damage to its property and the damaged building resulted in a loss of revenue to the plaintiff as well as other economic damages

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho

VII.

Defendant, Safeco Insurance Company, is the insurance carrier for Plaintiff, Gritman Medical Center, Inc., under Policy Number 01-CG-935653-2. Defendant, Safeco Insurance Company, has denied plaintiff's Proof of Loss submitted to them on March 12, 2009, regarding the property damage to plaintiff's place of business, loss of business income, and personal property damage.

## BREACH OF CONTRACT

VIII.

The Defendant, Safeco Insurance Company, breached its contract of insurance by not paying the policy limits, less the $75,000 deductible, under the benefits provided in the insurance policy issued by Defendant, Safeco Insurance Company, providing coverage to Plaintiff, Gritman Medical Center, Inc., to insure against property damage, loss of business income, and personal property damage.

IX.

The Plaintiff, Gritman Medical Center, Inc., has been damaged by Defendant, Safeco Insurance Company's, breach of contract.

## BAD FAITH

X.

On February 17, 2009, an employee of Defendant, Safeco Insurance Company, without the knowledge of Plaintiff, Gritman Medical Center, the insured of Defendant, Safeco Insurance Company, signed a Release from the insurer of Robert Tyson, Gayla Tyson and Ryan Tyson in exchange for $45,388.62. Defendant, Safeco Insurance Company, has retained this money ahead of its insured's $75,000 deductible. Defendant, Safeco Insurance Company, clearly placed its interest ahead of its insured.

XI.

An insurance policy covering the driver of the vehicle that struck the fire hydrant, Daniel Valasek, could have paid Plaintiff, Gritman Medical Center's, deductible but Defendant, Safeco Insurance Company, refused to disclose information about the liability coverage. The liability insurer was Safeco Insurance Company. Defendant, Safeco Insurance Company, put its interests ahead of its insured, Plaintiff, Gritman Medical Center.

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho

XII.

The conduct of Defendant, Safeco Insurance Company, was a violation of the duty of good faith and fair dealing. The bad faith conduct of defendant caused plaintiff damages.

## DAMAGES

XIII.

The breach of contract and bad faith conduct has caused plaintiff damages in sums to be proven at trial.

XIV.

Plaintiff's damages exceed the amount of $10,000.

XV.

If the plaintiff discovers the Defendant, Safeco Insurance Company's, conduct was an extreme deviation from reasonable standards, plaintiff will seek an order to amend the complaint to include a claim for punitive damages.

XVI.

The plaintiff has hired an attorney, namely Darrel W. Aherin of Aherin, Rice & Anegon, to prosecute this matter. The plaintiff is entitled to attorney fees pursuant to I.C. 41-1839. The plaintiff is entitled to prejudgment interest.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them as follows:

FIRST: For property damages, loss of use, and lost income incurred by plaintiff as a result of the water discharge from the hydrant in amounts to be proven at trial;

SECOND: For all contract damages allowable in an amount to be proven at trial;

THIRD. For all compensatory damages as allowed by law;

FOURTH: For interest on the contract damages as allowed by law;

FIFTH: For attorney fees pursuant to I.C. 41-1839;

SIXTH. For an order allowing the plaintiffs to amend the complaint and seek punitive damages;

SEVENTH: For costs and disbursements including attorney fees necessarily expended in bringing this action; and

**Aherin, Rice & Anegon**
Attorneys at Law
Lewiston, Idaho

EIGHTH.     For such other and further relief as the Court may deem just and equitable in the premises.

DATED this _22nd_ day of April, 2009.

AHERIN, RICE & ANEGON

By _____
Darrel W. Aherin
Attorney for Plaintiff

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho