Robert A. Anderson, ISB No. 2124
Mark D. Sebastian, ISB No. 6012
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
P. O. Box 7426
Boise, ID  83707-7426
Telephone:  (208) 344-5800
Facsimile:  (208) 344-5510
Email:  raanderson@ajhlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF IDAHO

| | |
|---|---|
| GRITMAN MEDICAL CENTER, INC., an Idaho non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY, AMERICAN STATES INSURANCE COMPANY, and AMERICAN ECONOMY INSURANCE COMPANY,<br><br>Defendants. | Docket No. 3:09-CV-459-C-EJL<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Docket No. 21)** |

COMES NOW the Defendants in the above-entitled action, by and through their counsel of record, Anderson, Julian & Hull, LLP, and hereby submits this memorandum in response to Plaintiff's *Motion to Remand* (Docket No. 21).

## I. BACKGROUND

As Plaintiff has noted, both this action and the Latah County action arise out of a May 5, 2007, incident in which Daniel E. Valasek while driving a vehicle owned by Ryan S. Tyson, collided with a fire hydrant at the southeast corner of Plaintiff's property. The

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Docket No. 21) - 1**

collision apparently broke the fire hydrant off its base, resulting in Plaintiff's property being flooded. **See Complaint ¶¶ III – IV.** Plaintiff had a policy of insurance through American Economy Insurance Company ("American Economy"). **See Affidavit of Mark D. Sebastian in Support of Defendants' Motion for Summary Judgment**, Exhibit A. American Economy has paid to Gritman approximately $1.2 million in claims arising from the foregoing incident. **Declaration of Trevor Evans in Support of Defendants' Motion for Summary Judgment ¶ 4.**

Subsequently, American Economy recovered approximately $45,000 from Mr. Tyson's insurer, and Gritman recovered $500,000 from Mr. Valasek's insurer (Safeco). **Declaration of Buddy Paul,** Exhibit A, p. 5 and pp. 5-6; **Affidavit of Mark D. Sebastian in Support of Defendants' Motion for Summary Judgment,** Exhibit B ¶ 2.8, and C, ¶ I (admission by Plaintiff that it obtained $500,000). American Economy and Gritman also pursued independent actions against G.E. Johnson Construction Co., Inc., and Motley-Motley, Inc., which were involved in the design and construction of the fire hydrant and/or its attachment point. Those law suits were consolidated by the Latah County District Court. **See Aff. of Counsel is Opposition to Plaintiff's Motion to Remand**, Exhibits A and B.

On October 28, 2010, American Economy filed its *First Amended Complaint* in the Latah County action in which it asserted a claim against Gritman for an equitable accounting of the $500,000 recovered by Gritman, and for an injunction to prohibit Gritman from disbursing any of those funds. **See Affidavit of Darrel W. Aherin** (Docket No. 21-1). On November 1, 2010, Gritman responded with its *Answer and Counter-Cross Claim to First Amended Complaint of American Economy Insurance Company Asserting Cross Claim Against Gritman Medical Center.* **See Id.** In its counter cross-claim, Gritman sets out

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Docket No. 21) - 2**

claims against American Economy for breach of contract and bad faith that are almost word-for-word identical to the claims in this matter. For that reason, American Economy has moved the Latah County District Court to dismiss the counter cross-claims.

## II. ARGUMENT

Plaintiff argument for remand is that "Defendants have voluntarily submitted to the jurisdiction of Latah County defeating their own argument that removal was proper because of diversity and the amount in controversy is over $75,000.00." **Motion to Remand,** p. 2. Plaintiff also argues that its motion is not barred by failure to move for remand within 30-days because "defendants ... created the reason for remand" by filing a cross-claim against Plaintiff on October 28, 2010.

### A.     Diversity Jurisdiction is Unrelated to Personal Jurisdiction.

Plaintiff's motion confuses diversity jurisdiction with the concept of personal jurisdiction. Diversity jurisdiction involves the jurisdiction of a Federal Court to hear cases between citizens of different states. Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a).** *See also Breuer v. Jim's Concrete of Brevard, Inc.,* 583 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... [c]itizens of different States[.]." **28 U.S.C. § 1332(a).** *See also* **28 U.S.C. § 1441(b).** A corporation is a citizen of any state in which it is incorporated or has its principle place of business. **28 U.S.C. § 1332(c)(1).**

Personal jurisdiction involves the authority of a court over the parties so that the court's decision will bind them. **Ruhrgas AG v. Marathon Oil Co.,** 526 U.S. 574, 577 (1999). The requirement that a court have personal jurisdiction protects an individual liberty interest, and is rooted in the Due Process Clause. **Ins. Corp. of Ireland v. Compagnie Des Bauxites De Guinee,** 456 U.S. 694, 702 (1982). However, a "[d]efendant can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading." **Jackson v. Hayakawa,** 682 F.2d 1344, 1347 (9th Cir. 1982) (citation omitted). "Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney." **Id.**

In this case, there is no question of personal jurisdiction over the Defendants. Defendants have not raised any objections based on personal jurisdiction, and, in fact, were the parties that requested removal. **See, e.g., Lomaglio Assocs. v. LBK Mktg. Corp.,** 876 F.Supp. 41, 43-44 (S.D.N.Y. 1995) (requesting that action be moved to federal court acted as waiver of objection to personal jurisdiction).

Conversely, nothing about the cross-claim against Gritman in the consolidated State court actions invalidates this Court's jurisdiction because of diversity. First, the cross-claim against Gritman did not impact or change the fact that there is a diversity of citizenship between the Plaintiff and Defendants.

Second, the cross-claim against Gritman did not act to reduce the amount in controversy below $75,000. Gritman's claim in this matter is still based on a breach of contract for not paying the policy limits of over $76 million, and seeks additional damages for bad-faith and for attorney's fees. Even looking at the cross-claim in the State court

matter, the amount in controversy in that case involves at least $425,000. **See Affidavit of Darrel W. Aherin** (Docket No. 21-1), "First Amended Complaint," ¶ 3.3.

In short, the requirements for diversity jurisdiction still exist even though a cross-claim was filed against Gritman in the consolidated State court action. For this reason, the Plaintiff's Motion to Remand should be denied.

### B.   THE PLAINTIFF'S MOTION IS UNTIMELY.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." **28 U.S.C. § 1447(c)**; *Medical Dev. Int'l v. Cal. Dept. of Corr. & Rehab.*, 585 F.3d 1211, 1216 (9th Cir. 2009). "Defect" refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453. *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).

Plaintiff contends that "Defendants have voluntarily submitted to the jurisdiction of Latah County defeating their own argument that removal was proper because of diversity and the amount in controversy is over $75,000.00." **Motion to Remand** p. 2. Thus, Plaintiff's argument is one alleging a defect in the removal. As argued above, the Court clearly has subject matter jurisdiction because the requirements for diversity jurisdiction have been met. Moreover, Plaintiff has long been aware of American Economy's action in State district court—for instance, the Motion to Consolidate in the State court action was filed on March 29, 2010, and the Latah County District Court issued its Order Granting the Motion to Consolidate on June 29, 2010. **Aff. of Counsel is Opposition to Plaintiff's Motion to Remand**, Exhibits A and B. Moreover, on April 26, 2010, Gritman attempted to

intervene in the State court action filed by American Economy. **Aff. of Counsel is Opposition to Plaintiff's Motion to Remand**, Exhibit B.

Because the Court retains subject matter jurisdiction, the Plaintiff was required to bring its motion within 30 days of removal, which it clearly failed to do. Moreover, the Plaintiff failed to bring its motion within a reasonable time of its notice of the alleged "defect"—i.e., jurisdiction of the Latah County District Court. **See Kamm,** 568 F.3d at 757. Accordingly, the Plaintiff's Motion should be denied.

**C.  DEFENDANTS' DID NOT "CREATE" THE BASIS FOR REMAND.**

Finally, contrary to Plaintiff's contentions in its Motion, the Defendants did not create a basis for remand. First, only Defendant American Economy is a party to the State court action; Defendants Safeco Insurance Company and American States Insurance Company are not.

Second, the claims raised are different. This action is one for breach of contract and bad faith against the Defendants. The cross-claim by American Economy in the State court action is one for an accounting of the funds collected by Plaintiff from one of the tortfeasors. **See Affidavit of Darrel W. Aherin** (Docket No. 21-1), "First Amended Complaint." While Plaintiff subsequently brought its own cross-claims against American Economy that essentially mirror those in this claim, those claims are the subject of a motion to dismiss. **Aff. of Counsel is Opposition to Plaintiff's Motion to Remand**, Exhibit A.

Third, as shown above, the cross-claims by American Economy have no impact on facts giving rise to diversity jurisdiction in this Court. In short, Defendants did not "create" a basis for remand, and the Plaintiff's Motion should be denied.

DATED this 3rd day December 2010.

                                                ANDERSON, JULIAN & HULL LLP

                                                By_____
                                                     Mark D. Sebastian, Of the Firm
                                                       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December, 2010, I served a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Docket No. 21)** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | | |
|---|---|---|
| Darrel W. Aherin | [ ] | U.S. Mail, postage prepaid |
| AHERIN, RICE & ANEGON | [ ] | Hand-Delivered |
| 1212 Idaho Street | [ ] | Overnight Mail |
| P.O. Drawer 698 | [ ] | Facsimile |
| Lewiston, Idaho 83501-0698 | [x] | CM/ECF |
| *Attorney for Plaintiff* | | |

                                                                      _____
                                                                        Mark D. Sebastian